## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

FREDERICK BOWDEN,                              :
                                               :     **C.A. No: K15C-02-019 RBY**
_____Plaintiff,                            :
                                               :
    v.                                         :
                                               :
PINNACLE REHABILITATION AND                    :
HEALTH CENTER, AND KENT                        :
GENERAL HOSPITAL, BAYHEALTH                    :
MEDICAL AND BROOKSIDE                          :
CLINICAL LABORATORY, INC.,                     :
                                               :
    Defendant.                                 :

_____

*Submitted: April 7, 2015*
*Decided: April 8, 2015*

***Upon Consideration of Defendants'***
***Motion to Dismiss***
**GRANTED**

**ORDER**

Frederick Bowden, *Pro se.*

Maria R. Granaudo Gesty, Esquire, Burns White, LLC, Wilmington, Delaware for Defendant Pinnacle Rehabilitation and Health Center.

James E. Drnec, Esquire, and Melony R. Anderson, Esquire, Balick & Balick, LLC, Wilmington, Delaware for Defendants Kent General Hospital and Bayhealth Medical.

Jeffrey M. Austin, Esquire, Elzufon Austin Tarlov & Mondell, P.A., Wilmington, Delaware for Defendant Brookside Clinical Laboratory, Inc.

Young, J.

## SUMMARY

This suit presents the Court with the infrequent occurrence where Plaintiff's Complaint fails to state a claim so utterly that the Court must dismiss Plaintiff's case. By his Complaint, Frederick Bowden ("Plaintiff") alerts this Court and his named adversaries (Pinnacle Rehabilitation and Health Center ("Pinnacle"), Kent General Hospital ("Kent General"), Bayhealth Medical ("Bayhealth"), and Brookside Clinical Laboratory, Inc. ("Brookside" and, together with the preceding parties, "Defendants")) that negligence resulted in the passing of his wife. No further factual specifications are indicated. Although Delaware maintains a benevolent pleading standard for claimants, Plaintiff's statement fails to meet even this low threshold. Defendants' Motions to Dismiss are **GRANTED**.

## FACTS AND PROCEDURES

On February 15, 2015, Plaintiff filed a *pro se* Complaint against Defendants. Plaintiff's claim appears to arise out of the death of his wife. By two separate motions Defendants' move to dismiss Plaintiff's case.[1]

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is well-settled. The Court accepts all well-pled allegations as true.[2] Well-pled means that the complaint puts a party on notice of the claim being

---

[1] Defendants Kent General and Bayhealth filed a motion to dismiss on February 27, 2015. Defendant Pinnacle filed a motion to dismiss on March 13, 2015. Kent General and Bayhealth joined Pinnacle's motion on March 20, 2015. By motion dated March 20, 2015, Brookside also joined Pinnacle's motion to dismiss.

[2] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Ct. Mar. 31, 2009).

2

brought.[3] If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied.[4] The test for sufficiency is a broad one.[5] If any reasonable conception can be formulated to allow Plaintiff's recovery, the motion to dismiss must be denied.[6] Dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[7]

## DISCUSSION

Delaware, differing from Federal jurisprudence,[8] maintains its traditionally low threshold for sufficient pleadings.[9] Only where a plaintiff could not "recover under any reasonably conceivable set of circumstances susceptible of proof," is a court to dismiss a claim.[10] The pleading need only put "the opposing party on *notice* of the

---

[3] *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. Ct. Apr. 24, 2001).

[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[5] *Id*.

[6] *Id*.

[7] *Thompson v. Medimmune, Inc.*, 2009 WL 1482237, at *4 (Del. Super. Ct. May 19, 2009).

[8] *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[9] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings, LLC*, 27 A.3d 531, 537 (Del. 2011) ("until this Court decides otherwise or a change is duly effected through the Civil Rules process, the governing pleading standard in Delaware to survive a motion to dismiss is reasonable conceivability")(internal quotations omitted).

[10] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003).

claim being brought against it."[11] Plaintiff's Complaint, which names three separate Defendants, is that rare pleading where even Delaware's liberal standard is not met. Defendants are put on notice of nothing calling for a response.

The Court, therefore, **GRANTS** Defendants' Motions to Dismiss.[12]

As Defendants point out, Plaintiff's Complaint contains a single, undeveloped allegation: "[n]egligence resulted in the untimely death of the decedent Mestinea Ann Melendez Bowden my wife..."[13] The remainder of Plaintiff's Complaint speaks solely to its timely filing within the applicable statute of limitations. Defendants, therefore, move to dismiss Plaintiff's Complaint pursuant to Superior Court Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Despite this Court's sensitivity to the fact that Plaintiff is proceeding *pro se*, the complete absence of any specifications of negligence in Plaintiff's Complaint cannot be overlooked.[14]

As Plaintiff is alleging negligence, Superior Court Rule 9(b) requires that his

---

[11] *Id.* (emphasis added).

[12] Although Defendants Kent General and Bayhealth, and Defendant Pinnacle each filed separate motions to dismiss, Defendants Kent General and Bayhealth, by motion dated March 20, 2015, joined Pinnacle's motion. The Court, therefore, considers only the arguments contained in Pinnacle's brief. For all intents and purposes, however, Kent General's and Bayhealth's brief, essentially, made the same contentions.

[13] Complaint, dated February 23, 2015.

[14] *See Draper v. Med. Ctr. Of Delaware*, 767 A.2d 796, 799 (Del. 2001) ("There is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff").

claim be plead with "particularity."[15] Chiefly, a complaint sounding in negligence must "specify a duty, a breach of duty, who breached the duty, what act or failure to act caused the breach, and the party who acted."[16] At best, Plaintiff has managed to address the parties against which demands are made, and nothing more. Starkly absent is the fundamental element of *how* the various Defendants are considered to have acted bringing about the death of Plaintiff's wife. Lacking facts to support the remaining prongs, Plaintiff has made only conclusory allegations."[C]laims of negligence...may not be conclusory and must be accompanied by some factual allegations to support them."[17] As Defendants' accurately remark, they cannot even be said to be on notice of the nature of Plaintiff's claims against them. Notice is the key demand of Delaware's pleading standard.[18] Faced with such deficient pleading, the Court must dismiss Plaintiff's action for failure to state a claim sufficiently.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**.
**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc

---

[15] *VLIW Tech.*, 840 A.2d at 611, n.9 (recognizing limited exceptions to the notice pleading standard, such as "Rule 9(b)...requir[ing] greater particularity...").

[16] *Rinaldi v. Iomega Corp.*, 1999 WL 1442014, at *7 (Del. Super. Ct. Sept. 3, 1999).

[17] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 462 (Del. Super. Ct. 2012).

[18] *VLIW Tech.,* 840 A.2d at 611.

oc:    Prothonotary
cc:    Counsel
       Mr. Frederick Bowden (*via U.S. mail*)
       Opinion Distribution